IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DORIS RAMIREZ, :
:
    Plaintiff, : CIVIL NO. 4:CV-09-0247
:
v. : (Judge McClure)
:
SUSQUEHANNA HEALTH :
SYSTEM, *et al.*, :
:
    Defendants. :

## **MEMORANDUM**

May 5, 2009

Plaintiff Doris Ramirez ("Plaintiff" or "Ramirez"), an inmate confined at the Cambridge Springs State Correctional Institution ("SCI Cambridge Springs") in Cambridge Springs, Pennsylvania, initiated this *pro se* civil rights action by filing a Complaint pursuant to 42 U.S.C. § 1983. She alleges that the medical staff at the Muncy State Correctional Institution ("SCI Muncy") was neglectful in their treatment of an infection in her leg. (Record document no. 1.) Ramirez also has filed a motion for leave to proceed *in forma pauperis* (Record document no. 6) and a motion to appoint counsel (Record document no. 11).

Based on the request to proceed *in forma pauperis*, the Complaint is before the Court for preliminary screening pursuant to 28 U.S.C. § 1915. For the reasons set

forth below, the Court will dismiss Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. However, dismissal will be without prejudice, and Plaintiff will be granted twenty (20) days within which to file an amended complaint. Her motion to appoint counsel will be denied.

**I.     PLAINTIFF'S COMPLAINT**

**Background**

Ramirez names as Defendants the Susquehanna Health System; the Muncy Valley Hospital; Dr. David Kahler, a physician at Muncy Valley Hospital; Muncy Prison; and Dr. Familio and Dr. Weisner, physicians at Muncy Prison. (Record document no. 1 at 1, 2.) In her Complaint, Ramirez makes the following allegations:

On November 17, 2007, while she was an inmate at SCI Muncy, Ramirez got a six inch splinter on her right leg from the picnic table at the prison yard. (*Id.* at 2 ¶ 1.) Six hours after she got the splinter, she was taken to the Muncy Valley Hospital Emergency Room to have it removed. (*Id.*) At the hospital, Defendant Kahler[1] cut Plaintiff's skin, removed about a three inch long portion of a splinter, and stated "there

---

[1] While Plaintiff identified Kahler as a physician in naming him as a Defendant, in the Statement of Claim section of her Complaint, she identifies him as a Physician Assistant ("PA").

2

was nothing else in there." (*Id.*) Ramirez was taken back to the prison. (*Id.*)

A few days later, Plaintiff's leg became infected with cellulitis and she was placed in isolation for eight (8) days. (*Id.*) The infection was due to the remaining portion of splinter in her leg. (*Id.*) While Ramirez was in isolation, her leg was cut open a second time by Defendant Dr. Weisner in the SCI Muncy infirmary. (*Id.* ¶ 2.) Dr. Weisner checked the leg, and nothing came out; she then squeezed the leg, and still nothing came out. (*Id.*) Ramirez then was sent back to her Unit. (*Id.*)

A few days later, Plaintiff's leg again became infected. (*Id.*) At that time, Defendant Dr. Familio opened Plaintiff's wound in the SCI Muncy infirmary. (*Id.*) Dr. Familio inserted his gloved finger into the wound, but he did not find anything in there. (*Id.*) Therefore, Dr. Familio sent Plaintiff back to her Unit. (*Id.*)

On November 23, 2007 at approximately 11:48 a.m., Ramirez was again taken to Muncy Valley Hospital Emergency Room. (*Id.*) At that time, she was seen by "Dr./PA Beyer Mark." (*Id.* ¶ 3.) Because her infection was persistent, she was treated with antibiotics and sent back to SCI Muncy to continue her antibiotic treatment. (*Id.*) A month later, while Ramirez was working in the kitchen, "one piece came out." (*Id.*) She showed this piece to Mr. Wheeler, and she was sent to the medical department where Nurse Otty "squeezed out the rest and put a bandage on it." (*Id.*)

3

As relief, Ramirez requests that the Court compensate her for the neglect and mental anguish she suffered and for Dr. Familio's failure to grant her request for plastic surgery.[2] (*Id.* at 3.)

**Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a federal court must dismiss a case filed *in forma pauperis* if the court determines that the complaint "fails to state a claim on which relief may be granted." The applicable standard of review for the failure to state a claim provision is the same as the standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103 (3d Cir. 2002). Under that standard, a court must accept the truth of a plaintiff's factual allegations. *Morrison v. Madison Dearborn Capital Partners III L.P.*, 463 F.3d 312, 314 (3d Cir. 2006). In addition, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

**Discussion**

---

[2]Plaintiff does not make any allegations in the Statement of Claim section of her Complaint regarding Dr. Familio's alleged refusal to grant her request for plastic surgery.

4

Ramirez's Complaint is deficient in that it names several improper Defendants and it fails to state a claim of deliberate indifference to a serious medical need.

To state a § 1983 claim, a plaintiff must plead must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution or laws of the United States. *Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000). In this case, Ramirez has named the Susquehanna Health System, Muncy Valley Hospital, and Muncy Prison as Defendants. None of these named Defendants are "persons" and thus may not be sued under § 1983. *See Phippen v. Nish*, 223 Fed. Appx. 191, 192 (3d Cir. 2007) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).

In order to establish an Eighth Amendment claim against a defendant for inadequate medical care under § 1983, a plaintiff must show "(I) a serious medical need, and (ii) acts or omissions . . . that indicate deliberate indifference to that need." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003); *see also Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so

5

obvious that a layperson would recognize the need for a doctor's attention. *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). In addition, "if 'unnecessary and wanton infliction of pain' results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the eighth amendment." *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)).

A complaint that a physician or medical department "has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment ..." *Estelle*, 429 U.S. at 106. More than a decade ago, the Third Circuit ruled that "while the distinction between deliberate indifference and malpractice may be subtle, it is well established that as long as a physician exercises professional judgment, his behavior will not violate a prisoner's constitutional rights." *Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice." *Estelle*, 429 U.S. at 107.

Where an inmate is provided with medical care and the dispute is over the adequacy of that care, an Eighth Amendment claim does not exist. *White v. Napoleon*,

6

897 F.2d 103, 108-10 (3d Cir. 1990). A mere difference of opinion between the inmate and the prison's medical staff regarding the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment. *See McFadden v. Lehman*, 968 F. Supp. 1001 (M.D. Pa. 1997); *Young v. Quinlan*, 960 F.2d 351, 358 n. 18 (3d Cir. 1992). "[T]he key question . . . is whether defendants have provided plaintiff with *some* type of treatment, regardless of whether it is what plaintiff desires." *Farmer v. Carlson*, 685 F. Supp. 1335, 1339 (M.D. Pa. 1988) (quoting *Lamb v. Maschner*, 633 F. Supp. 351, 353 (D. Kan. 1986)).

In the instant case, Ramirez has alleged that she was neglected during the time that she suffered an infection after a portion of a splinter was removed from her leg. However, she admits that she was treated on the same day at the Muncy Valley Hospital, and that the PA who treated her was unable to locate any additional foreign matter in her leg. (*See* Record document no. 1 at 2 ¶ 1.) Ramirez also does not allege that the medical staff at SCI Muncy failed to treat her after she developed an infection in her leg. She states that she was put in isolation for the initial eight (8) days that she had the infection and that she was treated both by Dr. Weisner and Dr. Familio. (*See id.*) She admits that both Dr. Weisner and Dr. Familio looked for additional foreign matter in her leg, but neither doctor was able to find anything. (*See id.*) In addition,

Ramirez admits that, on November 23, 2007, the medical staff at the Muncy Valley Hospital prescribed antibiotics, and she continued this treatment at SCI Muncy. (*See id.* ¶ 3.) Finally, Ramirez admits that, a month later, after the remaining piece of splinter worked its way out of her leg, Nurse Otty treated her leg in the SCI Muncy infirmary. (*See id.*) Ramirez has not alleged facts sufficient to show the requisite culpable involvement of any person acting under color of state law. Accordingly, this action cannot proceed on the current Complaint.

However, in the interests of justice to this *pro se* litigant, Ramirez will be granted twenty (20) days within which to submit an amended complaint. She is advised that the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Failure to file an appropriate amended complaint will result in the dismissal of this action.

## II. MOTION TO APPOINT COUNSEL

In her motion, Ramirez requests that this Court appoint counsel because of her status as a prisoner and inability to pay for counsel as well as because she is unlearned in the law. (Record document no. 11.)

Although indigent litigants have no constitutional or statutory rights to appointment of counsel in a civil case, the Court has broad discretionary power to appoint counsel under 28 U.S.C. § 1915(e)(1). *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The *Tabron* Court noted that "the district court must consider as a threshold matter the merits of the plaintiff's claim." *Tabron*, 6 F.3d at 155. Next, if a claim has arguable merit, "[t]he plaintiff's ability to present his or her claim is, of course, a significant factor that must be considered in determining whether to appoint counsel." *Id.* at 156. "If it appears that an indigent plaintiff with a claim of arguable merit is incapable of presenting his or her case, serious consideration should be given to the appointing of counsel . . . and if such a plaintiff's claim is truly substantial, counsel should ordinarily be appointed." *Id.* at 156.

In addition to the factors just noted, under *Tabron*, a district court's decision whether to appoint counsel should also be "informed" by a consideration of the following factors: "the difficulty of the particular legal issues;" "the degree to which factual investigation will be required and the ability of the indigent plaintiff to pursue such investigation;" whether "a case is likely to turn on credibility determinations;" "where the case will require testimony from expert witnesses;" and "whether an indigent plaintiff could obtain counsel on his or her own behalf." *Id.* at 156, 157 n.5.

The *Tabron* Court also held that the "appointment of counsel under § 1915(d) may be made at any point in the litigation and may be made by the district court *sua sponte*." *Id.* at 156. Finally, the *Tabron* Court acknowledged that "courts have no authority to compel counsel to represent an indigent civil litigant," *id.* at 157 n.7, and cautioned against the indiscriminate appointment of counsel in view of the limited supply of competent attorneys willing to accept such appointments. *Id.* at 157.

A review of Ramirez's filings thus far reveals that the appointment of counsel is not warranted at this stage. She clearly possesses the ability to prepare pleadings and present comprehensible arguments to the Court. Notwithstanding the deficiencies in her Complaint noted earlier in this Memorandum, Ramirez set forth the allegations in her Complaint and other filings in legible, plain, and concise statements. Consequently, there is no indication at this early stage that Ramirez is incapable of litigating this case on her own. The issues are not overly complicated, and any concern regarding the need for counsel to assist in trial preparation is premature at this stage. Accordingly, the motion for appointment of counsel will be denied, but without prejudice. Should future proceedings demonstrate the need for counsel, the matter may be reconsidered, either *sua sponte* or upon a motion properly filed.

An appropriate Order will enter.

s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DORIS RAMIREZ, :
:
    Plaintiff, : CIVIL NO. 4:CV-09-0247
:
v. : (Judge McClure)
:
SUSQUEHANNA HEALTH :
SYSTEM, *et al.*, :
:
    Defendants. :

## **ORDER**

May 5, 2009

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion to proceed *in forma pauperis* (Record document no. 6) is construed as a motion to proceed without full prepayment of fees and costs, and the motion is **GRANTED**.

2. Plaintiff's Complaint (Record document no. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

3. Within twenty (20) days from the date of this Order, Plaintiff may file an amended complaint.

4. Failure to file an amended complaint will result in the dismissal of this action, without prejudice.

5. Plaintiff's motion to appoint counsel (Record document no. 11) is **DENIED** without prejudice.

                                                                                     s/ James F. McClure, Jr.  
                                                                                    JAMES F. McCLURE, JR.  
                                                                                    United States District Judge