IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DORIS RAMIREZ, | : | |
| | : | |
| Plaintiff, | : | No. 4: CV-09-00247 |
| | : | |
| v. | : | (McClure, J.) |
| | : | |
| MARK BAYER, et al., | : | (Magistrate Judge Carlson) |
| | : | |
| | : | |
| Defendants. | : | |

**ORDER**

April 7, 2010

**BACKGROUND:**

On February 6, 2009, pro se plaintiff Doris Ramirez, currently an inmate at the State Correctional Institution at Cambridge Springs ("SCI-Cambridge Springs"), filed a civil rights action under 42 U.S.C. § 1983. (Rec. Doc. No. 1). On May 20, 2009, Ramirez filed an amended complaint. (Rec. Doc. No. 13). Ramirez filed a second amended complaint on June 15, 2009. (Rec. Doc. No. 15). In this amended complaint, also filed under § 1983, Ramirez named as defendants Margaret Carpenter, Dr. Michael Weisner, Dr. Gregory Famiglio, Dr. Mark Beyer, and Dr. Carlos Rodriguez-Broatch. Id. In her complaint, Ramirez contends that the defendants violated her Eighth Amendment right under the United States Constitution to be free from cruel and unusual punishment, based upon the

defendants' alleged deliberate indifference to her serious medical needs.  Id.
Ramirez claims that these defendants were deliberately indifferent to her serious
medical needs when she was treated after receiving a splinter in her buttocks from
sitting on a wooden bench at SCI-Cambridge Springs on November 17, 2007.  Id.

On August 31, 2009, defendant Carpenter filed a motion to dismiss Ramirez's second amended complaint.  (Rec. Doc. No. 38).  Defendant Carpenter filed a brief in support of her motion on September 14, 2009.  (Rec. Doc. No. 46).  Also on August 31, 2009, defendant Beyer filed a motion to dismiss the second amended complaint and a brief in support.  (Rec. Doc. Nos. 40 and 41).  Defendants Famiglio, Broatch, and Weisner filed a motion to dismiss and a brief in support on September 10, 2009.  (Rec. Doc. Nos. 44 and 45).  Ramirez filed a document entitled "Answer to Motion to Dismiss Plaintiff's Amended Complaint" on September 21, 2009.  (Rec. Doc. No. 47).  On October 15, 2009, Ramirez filed a brief in opposition to the motion to dismiss filed by defendants Famiglio, Broatch, and Weisner.  (Rec. Doc. No. 49).

On November 4, 2009, this court issued an order requiring that Ramirez clarify whether she intended that the document filed on September 21, 2009 entitled "Answer to Motion to Dismiss Plaintiff's Amended Complaint" be her opposition brief to the motions to dismiss filed by both defendant Carpenter and

defendant Beyer. (Rec. Doc. No. 51). By letter to this court filed November 17, 2009, Ramirez clarified that the document filed on September 21, 2009 was in fact intended to be her opposition to both motions to dismiss. (Rec. Doc. No. 52).

On March 9, 2010, this court issued an order referring the motions to dismiss to United States Magistrate Judge Martin Carlson for review and preparation of a report and recommendation. (Rec. Doc. No. 57).

On March 12, 2010, Magistrate Judge Carlson issued a twenty (20) page report and recommendation. (Rec. Doc. No. 58). In his report and recommendation, the magistrate judge first addressed Ramirez's claims against medical defendants Carpenter and Beyer. The magistrate judge concluded that Ramirez failed to allege any facts indicating that these privately employed individuals were, for the purposes of § 1983 liability, state actors. Id. at 8-10. Second, the magistrate judge concluded that Ramirez's allegations, "even when most liberally construed, do not rise to the level of an Eighth Amendment violation because they do not show deliberate indifference to her medical needs." Id. at 17. As such, the magistrate judge recommended that Ramirez's constitutional claims be dismissed. Id. Third, the magistrate judge addressed the state malpractice and negligence claims raised by Ramirez. Id. at 17-19. In light of the magistrate judge's recommendation that Ramirez's constitutional claims be

dismissed, he also recommended that this court decline exercising supplemental jurisdiction over Ramirez's state law claims. Id. at 18-19.

Ramirez has not filed any objections to the magistrate judge's report and recommendation, and the time for doing so has since passed. Because Ramirez has elected not to object to the report and recommendation and because we agree with Magistrate Judge Carlson's thorough analysis and recommendation, we will adopt the report and recommendation. Therefore, we will grant the defendants' motions to dismiss (Rec. Doc. Nos. 38, 40, and 44) for failure to state a claim upon which relief can be granted.[1]

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge Carlson's Report and Recommendation is **ADOPTED**. (Rec. Doc. No. 58).

2. Defendants' motions to dismiss the second amended complaint are

---

[1] In his recommendation, the magistrate judge recommended that Ramirez's complaint should also be dismissed "for the failure to prosecute . . . ." (Rec. Doc. No. 58 at 19). The court believes that dismissal for failure to state a claim upon which relief can be granted is sufficient grounds for dismissing the plaintiff's second amended complaint, especially as there is no discussion of the failure to prosecute issue in the magistrate judge's report and recommendation. As such, we will adopt the report and recommendation to the extent that the magistrate judge recommends dismissal for failure to state a claim upon which relief can be granted.

**GRANTED** (Rec. Doc. Nos. 38, 40, and 44) as to all plaintiff's claims that her federal constitutional rights were violated, and all such claims are dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

3. As all claims over which this court had original jurisdiction have been dismissed, the court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

      s/ James F. McClure, Jr.
      James F. McClure, Jr.
      United States District Judge